```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
PEDRO ALMANZAR,                            :
                    Plaintiff,             :      11 Civ. 1168 (DLC)
                                           :
          -v-                              :      OPINION AND ORDER
                                           :
ZAM REALTY MANAGEMENT CO., LLC,            :
                                           :
                    Defendant.             :
                                           :
------------------------------------------ X
```

APPEARANCES:

For the plaintiff:
Pedro Almanzar, proceeding pro se
587 E. 139th Street
Apt# 1B
Bronx, NY 10454

For the defendant:
Stuart Alan Weinberger
Lewis Steven Goldberg
Goldberg & Weinberger, LLP
630 Third Avenue, 18th Floor
New York, NY 10017

DENISE COTE, District Judge:

    Plaintiff Pedro Almanzar ("Almanzar"), proceeding pro se, brings this action pursuant to the New York State Human Rights Law, N.Y. Exec. Law §§ 290-97, against Zam Realty Management ("Zam"). Almanzar alleges that Zam discriminated against him based on his Hispanic background and age when it fired him in 2008 and then opposed his request for unemployment benefits. Almanzar requests that he be found to qualify for unemployment

benefits. Zam has moved to dismiss Almanzar's second amended complaint ("SAC"). For the following reasons, the motion to dismiss is granted.

BACKGROUND

The following facts are taken from the SAC and the documents attached to it unless otherwise noted, and assumed to be true for the purposes of this motion. LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009). Almanzar, a Hispanic resident of the Bronx, New York in his late 60s, began working for Zam in April 2007 as a building superintendant. Zam is a company located in the Bronx, New York. The complaint does not state the date that Almanzar was fired, but Zam alleges that it was on April 21, 2008.

After he was fired, Almanzar called the unemployment office to retrieve his benefits, but Zam prevented him from receiving those benefits because it alleged that he was fired due to misconduct. An administrative law judge ("ALJ") denied his request for unemployment benefits on July 23, 2008. The ALJ found that Almanzar's misconduct had resulted in his discharge -- Almanzar had allegedly been fired after the third day on which he had left the premises of the building at which he worked without notifying Zam. Therefore, the ALJ determined Almanzar

2

was not qualified to receive unemployment benefits under New York Labor Law § 593(3).  The Unemployment Insurance Appeal Board upheld the ALJ's decision on December 15, 2008.  See Matter of Almanzar, 65 A.D.3d 1418, 1418 (N.Y. App. Div. 2009). The Appellate Division, in turn, affirmed this decision on September 17, 2009.  Id.  In a letter dated October 6, 2009, Almanzar was informed by the Office of the Attorney General of the State of New York that his only legal recourse was to appeal to the New York Court of Appeals.

     On June 24, 2009, Almanzar filed a complaint with the New York State Division of Human Rights.  In the SAC, Almanzar does not state what was the resolution of that complaint, but Zam alleges that on January 5, 2010 the Division of Human Rights found there was "[in]sufficient evidence to establish a nexus between [Almanzar] being denied unemployment benefits and [his] race/color."  Almanzar's complaint was also filed with the United States Equal Employment Opportunity Commission ("EEOC"), which closed his file because it "adopted the findings of the state or local fair employment practices agency that investigated this charge."  The EEOC Dismissal and Notice of Rights letter was issued August 12, 2010.

     Almanzar filed this action on February 14, 2011, asserting an employment discrimination claim under Title VII.  On March 9, Chief Judge Loretta A. Preska ordered Almanzar to amend his

3

complaint within sixty days, as the original complaint did not allege facts sufficient to support his allegations of discrimination.

Almanzar filed an amended complaint on April 8. In the amended complaint, Almanzar alleged only a violation of the New York State Human Rights Law, having declined to check the line that would indicate he also asserted a claim under Title VII. On July 5, Zam filed a motion to dismiss the amended complaint, arguing that this Court lacked subject matter jurisdiction over the case and that Almanzar had failed to state a cause of action. In an Order dated July 5, Almanzar was permitted to file a second amended complaint to address the deficiencies identified in Zam's motion to dismiss by August 2. Almanzar was informed that this would be his last opportunity to amend his complaint to address these deficiencies.

Almanzar filed the SAC on July 26, again alleging only a claim under the New York State Human Rights Law. Zam filed this motion to dismiss on September 19. Almanzar failed to file an opposition by October 14, and as of the date of this Opinion, has not filed anything further with the Court.

DISCUSSION

Zam has moved to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).

4

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted).  Federal courts are courts of limited jurisdiction and a plaintiff wishing to file a lawsuit in federal court must assert a specific grant of subject matter jurisdiction authorizing the court to hear the case.  See Frontera Resources Azerbaijan Corp. v. State Oil Co., 582 F.3d 393, 397 (2d Cir. 2009).  District courts have original jurisdiction over cases in which there is a federal question, 28 U.S.C. § 1331, and cases between citizens of different states, 28 U.S.C. § 1332.

There is no question that there is not diversity jurisdiction in this case.  Almanzar alleged that he is a resident of New York and that Zam is located in New York.

On the face of the complaint, Almanzar has also not alleged a claim raising a federal question.  Although his first complaint stated a claim under Title VII, both the amended complaint and the SAC allege only a state law claim.  Even when this deficiency was pointed out in Zam's motion to dismiss the amended complaint, Almanzar persisted in not alleging a Title VII claim or any other federal claim in the SAC.

But even if Almanzar's complaint was construed liberally to include a Title VII claim, and therefore to raise a federal question, this Court would still lack subject matter jurisdiction due to the Rooker-Feldman doctrine.  Under this doctrine, lower federal courts lack jurisdiction to review judgments of state courts, or to hear cases that "seek to resolve issues that are inextricably intertwined with earlier state court determinations."  Vargas v. City of New York, 377 F.3d 200, 205 (2d Cir. 2004) (citation omitted).

> Rooker-Feldman directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced.

McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010).  Almanzar's claims meet each of these four requirements.  Making the same allegations, Almanzar was unsuccessful in state court.  Although he does not specifically allege that his injuries are caused by a state court judgment, Almanzar's denial of unemployment benefits stems from an unfavorable ruling by the Appellate Division.  The SAC asks this Court to have his "unemployment benefits returned to [him]."  This request necessarily implicates review of the state administrative and judicial findings, which culminated in a judgment of the Appellate

Division. This judgment was entered more than a year before he filed this action. Thus, the Rooker-Feldman doctrine also deprives this Court of subject matter jurisdiction over Almanzar's claim.[1]

CONCLUSION

Zam's September 19, 2011 motion to dismiss is granted. The Clerk of the Court is directed to enter judgment for Zam and to close the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:   New York, New York
         November 22, 2011

                                                  DENISE COTE
                                United States District Judge

---

[1] Zam also alleges that it is entitled to dismissal of this action because a determination of Almanzar's claim by the New York State Division of Human Rights deprives this court of subject matter jurisdiction over his New York State Human Rights Law claim; because res judicata bars his claim; and because he failed to state a cause of action. This Opinion having already found that there is no subject matter jurisdiction over Almanzar's claims, these arguments need not be addressed.

7

COPIES MAILED TO:

Pedro Almanzar
587 E. 139th Street,
Apartment #1B
Bronx, NY 10454


Stuart Weinberger
Goldberg and Weinberger, LLP
630 Third Avenue, 18th Floor
New York, NY 10017